FILED

09/12/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0356

DA 16-0356

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 225

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JASON DEAN FRANKS,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Eleventh Judicial District,
                      In and For the County of Flathead, Cause No. DC-11-169B
                      Honorable Robert B. Allison, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Robin A. Meguire, Meguirelaw.com, Great Falls, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Mardell Ployhar,
          Assistant Attorney General, Helena, Montana

          Ed Corrigan, Flathead County Attorney, Travis Ahner, Allison Howard,
          Deputy County Attorneys, Kalispell, Montana

                        Submitted on Briefs:  July 26, 2017

                                  Decided:  September 12, 2017

Filed:

                                    _____
                                            Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Jason Franks appeals from his February 2016 conviction by jury verdict of Sexual Intercourse Without Consent, a felony. We affirm.

¶2 The issue on appeal is whether the District Court erred in admitting evidence of a portion of Franks' testimony from his first trial on the same charge.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 In 2012 a jury in Flathead County convicted Franks of sexual intercourse without consent. Franks appealed and this Court reversed the conviction and remanded. This Court determined that the District Court erred in admitting evidence of a news story that Franks had been charged with a prior sexual offense. Franks testified at the first trial, partially in response to the evidence of the news story. *State v. Franks*, 2014 MT 273, 376 Mont. 431, 335 P.3d 725.

¶4 The State retried Franks on the same charge in February 2016. During opening statements Franks' attorney told the jury that the defense would present alibi testimony. Thereafter the State in its case-in-chief sought to introduce evidence of Franks' testimony from the first trial, to be presented through testimony of a police officer who attended the first trial. After several sessions of argument on the issue out of the hearing of the jury, and over the period of two days, the District Court allowed the State to present limited evidence of Franks' prior testimony, applying *Mazurek v. District Court*, 2000 MT 266, 302 MT 39, 22 P.3d 166. The District Court applied M. R. Evid. 403 to preclude the State from informing the jury that there had been a prior trial, and to limit evidence of the

2

prior-trial testimony solely to the issue of alibi. The State called a police officer who testified that Franks stated at a "prior hearing" that he had no work records for the day of the offense and that he did not remember where he was that day.

¶5 Franks did not testify at the second trial. A defense witness testified that she remembered the date of the offense because it was her birthday; that there was a party to celebrate; and that Franks attended. The jury convicted Franks and the District Court sentenced him to 100 years at Montana State Prison. Franks appeals.

## STANDARD OF REVIEW

¶6 A district court has broad discretion to determine the admissibility of evidence, and this Court reviews that decision to determine whether the district court has abused its discretion. *State v. Lotter*, 2013 MT 336, ¶ 13, 372 Mont. 445, 313 P.3d 148. A district court abuses its discretion if it acts arbitrarily, without conscientious judgment, or exceeds the bounds of reason. *Franks*, ¶ 11. A district court's application of a statute or rule of evidence is reviewed de novo, to determine whether it is correct. *Lotter*, ¶ 13.

## DISCUSSION

¶7 *Issue: Whether the District Court erred in admitting a limited portion of Franks'* *testimony from his prior trial on the same charge.*

¶8 Franks contends on appeal that the District Court erred in the second trial by admitting evidence of a limited portion of his testimony from the first trial. He contends that erroneous admission of the newspaper story in the first trial compelled him to testify in response, and therefore his compelled testimony could not be used at the second trial.

He contends that use of the prior trial evidence violated his right against self-incrimination.

¶9 The State contends that Franks' need to respond to the news story at the first trial did not include his further testimony that he did not remember where he was at the time of the charged offense. The State cites *Mazurek* to support its position that Franks was not compelled to testify about his whereabouts at the time of the offense, and that evidence of that testimony was admissible in the second trial. The State contends that the District Court also properly applied M. R. Evid. 403 to limit the evidence of the prior trial testimony that was presented to the jury.

¶10 In *Mazurek* the defendant was convicted of criminal offenses arising from an automobile collision. At trial the State introduced evidence that prescription medication bottles were found in defendant's car and that those same medications were present in his blood. The State also introduced expert evidence that those drugs affect a person's physical abilities. The defendant testified in his own defense to rebut that evidence. This Court determined on appeal that the medication evidence was wrongfully admitted, and reversed and remanded for a new trial. *State v. Ingraham*, 1998 MT 156, 290 Mont. 18, 966 P.2d 103.

¶11 On remand in *Mazurek*, the Defendant contended that using his prior testimony at a second trial is contrary to § 46-16-701, MCA, and that it would violate his right to not be compelled to testify against himself. The district court granted defendant's motion in limine to exclude admission of his testimony from the first trial. This Court granted the State's motion to exercise supervisory control over the district court.

4

¶12 In *Mazurek* this Court concluded that there was no authority to support application of § 46-16-701, MCA, to preclude use of a defendant's first trial testimony in a second trial. Section 46-16-701, MCA, provides that "the granting of a new trial places the parties in the same position as if there had been no trial." After reviewing the history of various versions of the statute over a span of years, this Court found that the Legislature had removed a prior requirement that all testimony be produced "anew" in a second trial. Therefore, § 46-16-701, MCA, did not preclude using a defendant's first trial testimony at a retrial of the same charges. *Mazurek*, ¶ 18.

¶13 As to the self-incrimination issue under both the United States and Montana Constitutions, this Court in *Mazurek* reviewed the prevailing authority under *Harrison v. U.S.*, 392 U.S. 219, 88 S. Ct. 2008 (1968). *Harrison* involved a trial in which a wrongfully-obtained confession was admitted into evidence against the defendant. Harrison contended that he was compelled to testify in response. The Supreme Court held that where a defendant is compelled to testify to respond to evidence that was illegally obtained and improperly admitted, that testimony cannot be admitted in a subsequent trial because it represented the "fruit of the poisonous tree." *Mazurek*, ¶¶ 21-23.

¶14 After reviewing lower court decisions after *Harrison*, this Court determined that the weight of authority is that *Harrison's* exclusionary rule applies only where the evidence in the first trial was both illegally obtained and improperly admitted at trial. *Mazurek*, ¶ 22. Where exclusion of the evidence from the first trial is based "solely on evidentiary principles" there is no prohibition against using the defendant's testimony

5

from the first trial in a subsequent retrial. *Mazurek*, ¶ 23. This is consistent with *Harrison's* holding that exclusion of the evidence is based upon it being the fruit of the poisonous tree. *Mazurek*, ¶ 30.

¶15 In the present appeal, Franks contends that he is entitled to the benefit of *Harrison* because his testimony in the first trial was compelled by the State's wrongful introduction of the news story about an unrelated criminal charge. While this Court determined that the news evidence was wrongfully admitted in his first trial, that evidence was not illegally obtained in violation of Franks' rights. We decline Franks' invitation to modify the *Mazurek* decision.

¶16 In addition, while Franks may have felt compelled to testify in his first trial to rebut the information in the news story, that rebuttal had nothing to do with his additional testimony that he could not remember where he was at the time of the offense. To the extent that Franks decided to present testimony outside of the subject matter of the news story, that testimony was his voluntary decision and was not compelled by the State's evidence.

¶17 Franks contends that the testimony from his first trial should have been excluded under M. R. Evid. 403 because it was overly prejudicial. The District Court applied Rule 403 in admitting evidence of the prior trial testimony, limiting the evidence to Franks' prior alibi statement and prohibiting disclosure that the statement was made in a prior trial of the same charges. This was a proper application of Rule 403 to this case. Franks' prior statement was not incriminatory; he simply stated that he had no recollection of his whereabouts on the day of the offense.

6

¶18 In addition, the prior statement did not implicate the alibi witness because it was not inconsistent with the alibi testimony presented at the second trial. Franks' alibi witness at the second trial testified that she recalled that the day of the offense was her thirtieth birthday, that she had a party in honor of the event, and that she remembered that Franks had attended. Franks' testimony from the first trial that he did not remember where he was at the time of the offense is not inconsistent with the alibi witness testimony. Franks' testimony from the first trial was not incriminatory in any way that can be determined. Franks has not met his burden to demonstrate that admission of the evidence of his statement from the first trial violated his substantial rights. Section 46-20-701, MCA; *State v. Dewitz*, 2009 MT 202, ¶ 92, 351 Mont. 182, 212 P.3d 1040.

## CONCLUSION

¶19 We affirm the decision of the District Court to admit limited evidence of Franks' testimony from the first trial and affirm the conviction.

/S/ MIKE McGRATH

We Concur:

/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

7