# ORIGINAL

FILED

12/15/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0581

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### OP 20-0581

JASON DEAN FRANKS,

Petitioner,

v.

ELEVENTH JUDICIAL DISTRICT
COURT, HEIDI J. ULBRICHT, and
STATE OF MONTANA,

Respondents.

FILED

DEC 1 5 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Representing himself, Jason Dean Franks has filed a Petition for a Writ of Mandamus over the Eleventh Judicial District Court, Flathead County, and the Honorable Heidi J. Ulbricht. We correct the caption to reflect the parties' alignment and to include the District Court in this original proceeding. M. R. App. P. 14(3). Franks has served the Clerk of District Court.

Franks contends that the District Court is committing plain error because it has not ruled on his pending motions. Citing several cases, he concludes that the cumulative error doctrine is appropriate in this case. Franks states that after filing his petition for postconviction relief in the District Court in September 2018 he has attempted "to get relief unsuccessfully." He provides the background of his 2012 conviction. *See State v. Franks*, 2014 MT 273, 376 Mont. 431, 335 P.3d 725; *State v. Franks*, 2017 MT 225, 388 Mont. 486, 402 P.3d 1190. He raises claims about the ineffectiveness of his counsel, alleging due process violations, lack of a fair trial, and lack of competent counsel in his Petition. Franks requests that this Court "enforce his rights to present this evidence through counsel and a hearing in district court, or at least have a decision to be able to have access to this Court for appeal."

To state a claim for mandamus, a party must show entitlement to the performance of a clear legal duty by the party against whom the writ is directed and the absence of a plain, speedy, and adequate remedy at law. Section 27-26-102, MCA; *Smith v. Missoula Co.*, 1999 MT 330, ¶ 28, 297 Mont. 368, 992 P.2d 834. This type of proceeding, such as a writ of mandate, must be commenced in accordance with Montana's statutes. M. R. App. P. 14(2).

Franks has not waited two years for a decision. Upon review of his copy of the register of actions, it has been five months since his last filing. Franks filed his petition for postconviction relief on September 12, 2018, yet the briefing was not completed until June 17, 2019, after the court's order establishing a briefing schedule. Moreover, Franks requested an extension of time to file his reply brief in September 2019, which the court granted. Since January 2020, Franks has filed several motions, including appointment of counsel, discovery, and reconsideration. His most recent filing occurred on July 24, 2020. A time lapse of more than five months is not unreasonable for a district court to consider a petition.

Franks has not stated a claim for mandamus. M. R. App. P. 14(5). Franks has filed an unverified petition, in contradiction to § 27-26-201, MCA, and he has not presented a clear legal duty for the District Court to act. Section 27-26-102, MCA; *Smith*, ¶ 28. No exact time frames exist for when a district court should rule upon a petition. Pursuant to § 46-21-103, MCA, after docketing the petition, the clerk shall "bring the petition promptly to the attention of the court." The District Court reviewed his petition and established a briefing schedule. Under Montana law, Franks is not entitled to a hearing or counsel in a postconviction proceeding. It is incumbent upon the district court's discretion to decide such matters. Sections 46-21-201(1)(a), 46-8-104(1), MCA. Discovery procedures in a postconviction proceeding are limited and require leave of the court. *See* § 46-21-201(4), MCA. The relief that Franks pursues is of a discretionary not legal nature. Franks has not demonstrated that he is entitled to the performance of a clear legal duty in his request for resolution of his pending motions or his petition for postconviction relief.

2

Section 27-26-102, MCA; *Smith*, ¶ 28. A writ of mandate therefore is not appropriate. Accordingly,

IT IS ORDERED that Franks's Petition for a Writ of Mandamus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to the Honorable Heidi J. Ulbricht, Eleventh Judicial District Court; to Peg Allison, Clerk of District Court, Flathead County, under Cause No. DV-18-967(c); to counsel of record; and to Jason Dean Franks personally.

DATED this ⌒ 15 day of December, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices